STATE OF ILLINOIS )
) SS
COUNTY OF LAKE )

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL
CIRCUIT, LAKE COUNTY, ILLINOIS

NICOLE HOWLETT, )
)
    Plaintiff, )
) 17 L 872
v. ) No.
)
PEARSON TRUCKING, INC., a Minnesota )
corporation, and ROBERT FENSKE, )
)
    Defendants. )

## COMPLAINT

NOW COMES the Plaintiff, Nicole Howlett, by her attorneys, RAY & GLICK LLC, and complaining of the Defendants, Pearson Trucking, Inc. and Robert Fenske, states as follows:

COUNT I
(Negligence)

1. That on or about December 14, 2015, Plaintiff, Nicole Howlett, was operating a certain automobile to wit: 2011 Chrysler Sedan in an easterly direction on Illinois Route 120 (Belvidere Road) at or near the intersection of Illinois Route 120 (Belvidere Road) and Knight Avenue, in the City of Park City, County of Lake, and State of Illinois.

Howlett vs. Pearson Trucking, Inc., et al.
Case Number:
Complaint

NOTICE
PURSUANT TO LCR 2-2.14
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE
IN COURTROOM C304
9-7-18 AT 9:00 A.M./P.M.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR
AN ORDER OF DEFAULT BEING ENTERED.



EXHIBIT A

2. That at the time and place aforesaid, Defendant, Robert Fenske, was the owner and/or operator of a certain automobile to wit: 2006 Volvo Cab which he was then and there operating in an easterly direction immediately to the rear of the vehicle operated by Plaintiff.

3. That it was the duty of the Defendant to exercise ordinary care for the safety of the Plaintiff, Nicole Howlett; that duty notwithstanding, Defendant, Robert Fenske, committed one or more of the following negligent, careless and improper acts or omissions:

   a. Did operate his motor vehicle at a high and dangerous rate of speed incommensurate with the conditions then existing in violation of 625 ILCS 5/11-601;

   b. Failed to maintain a lookout for other vehicles operating on the roadway;

   c. Failed to maintain a safe, suitable and proper interval between his motor vehicle and the motor vehicle being operated by the Plaintiff;

   d. Failed to maintain his motor vehicle under safe, suitable and proper control;

   e. Failed to observe the motor vehicle which Plaintiff was operating and avoid coming into contact with the rear portion of the vehicle operated by Plaintiff;

   f. Did fail to stop at an intersection designated by a stop sign, in violation of 625 ILCS 5/11-904(b);

   g. Failed to reduce his speed when approaching crest of hill, in violation of 625 ILCS 5/11-601;

   h. Failed to bring his motor vehicle to a stop to avoid a collision with the vehicle operated by Plaintiff;

   i. Failed to give warning by sounding his horn when he knew or should have known of Plaintiff's peril in the roadway, in violation of 625 ILCS 5/11-1003.1 and 5/12-601;

4. That as a proximate result of one or more of the aforesaid careless, improper and

Howlett vs. Pearson Trucking, Inc., et al.
Case Number:
Complaint

Page 2 of 5

negligent acts on the part of the Defendant, Robert Fenske, the vehicle being operated by the Defendant did run into and strike the rear portion of the vehicle being operated by Plaintiff.

5. That as a direct and proximate result thereof, Plaintiff sustained serious and permanent injuries; that Plaintiff has incurred medical expenses and will incur medical expenses in the future; that Plaintiff sustained losses of income and will sustain losses of income in the future; that Plaintiff has experienced great pain and suffering and will in the future experience great pain and suffering; to the damage of the Plaintiff, Nicole Howlett, in a sum in excess of Fifty Thousand and 00/100 ($50,000.00) Dollars.

WHEREFORE, Plaintiff, Nicole Howlett, demands judgment against the Defendant, Robert Fenske, in a dollar amount sufficient to satisfy the jurisdictional limits of the law division of this court and such additional amounts as the jury and the court shall deem proper and additionally costs of same.

## COUNT II
### (Negligence)

6-10. Plaintiff, Nicole Howlett, realleges paragraphs 1 through 5 of Count I of Plaintiff's Complaint as paragraphs 6 through 10 of Count II of Plaintiff's Complaint.

11. The at all times material hereto Defendant, Pearson Trucking, Inc., was a Minnesota Corporation engaged in the trucking business in among other places the County of Lake in the State of Illinois.

12. That all times material hereto Defendant Robert Fenske, was an agent of Pearson Trucking, Inc.

13. That it was the duty of the Defendant, Pearson Trucking, Inc., through its agent Robert Fenske, to exercise ordinary care for the safety of the Plaintiff, Nicole Howlett; that duty notwithstanding, Defendant, Pearson Trucking, Inc., through its agent Robert Fenske, committed one or more of the following negligent, careless and improper acts or omissions:

   a. Did operate his motor vehicle at a high and dangerous rate of speed incommensurate with the conditions then existing in violation of 625 ILCS 5/11-601;

   b. Failed to maintain a lookout for other vehicles operating on the roadway;

   c. Failed to maintain a safe, suitable and proper interval between his motor vehicle and the motor vehicle being operated by the Plaintiff;

   d. Failed to maintain his motor vehicle under safe, suitable and proper control;

   e. Failed to observe the motor vehicle which Plaintiff was operating and avoid coming into contact with the rear portion of the vehicle operated by Plaintiff;

   f. Did fail to stop at an intersection designated by a stop sign, in violation of 625 ILCS 5/11-904(b);

   g. Failed to reduce his speed when approaching crest of hill, in violation of 625 ILCS 5/11-601;

   h. Failed to bring his motor vehicle to a stop to avoid a collision with the vehicle operated by Plaintiff;

   i. Failed to give warning by sounding his horn when he knew or should have known of Plaintiff's peril in the roadway, in violation of 625 ILCS 5/11-1003.1 and 5/12-601;

14. That as a proximate result of one or more of the aforesaid careless, improper and negligent acts on the part of the Defendant, Pearson Trucking, Inc., through its agent, Robert Fenske, the vehicle being operated by the Defendant did run into and strike the rear portion of

Howlett vs. Pearson Trucking, Inc., et al.
Case Number:
Complaint

Page 4 of 5

the vehicle being operated by Plaintiff.

15. That as a direct and proximate result thereof, Plaintiff sustained serious and permanent injuries; that Plaintiff has incurred medical expenses and will incur medical expenses in the future; that Plaintiff sustained losses of income and will sustain losses of income in the future; that Plaintiff has experienced great pain and suffering and will in the future experience great pain and suffering; to the damage of the Plaintiff, Nicole Howlett, in a sum in excess of Fifty Thousand and 00/100 ($50,000.00) Dollars.

WHEREFORE, Plaintiff, Nicole Howlett, demands judgment against the Defendant, Pearson Trucking, Inc., in a dollar amount sufficient to satisfy the jurisdictional limits of the law division of this court and such additional amounts as the jury and the court shall deem proper and additionally costs of same.

Respectfully Submitted,

RAY & GLICK LLC

Bogdan Martinovich

Bogdan Martinovich
RAY & GLICK LLC
P.O. Box 400
Libertyville, Illinois 60048-0400
(847) 996-1350
E-Mail Address: Bogie@MartinovichLaw.Com
Attorney Registration Number: 01783998

Howlett vs. Pearson Trucking, Inc., et al.
Case Number:
Complaint

Page 5 of 5

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

NICOLE HOWLETT,

              Plaintiff(s)

vs.

PEARSON TRUCKING, INC. a Minnesota corporation, and ROBERT FENSKE

              Defendant(s)

Gen No: 17 L 872

## SUMMONS

To each defendant:

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS    NOV 0 2 2017

_Erin Cartwright Weinstein_
ERIN CARTWRIGHT WEINSTEIN, Clerk of Court

Prepared by:
Attorney's Name: Bogdan Martinovich
Address: P.O. Box 400
City: Libertyville    State: IL
Phone: 847-996-1350    Zip Code: 60048
Fax: 847-680-9756/E-Mail: Bogie@MartinovichLaw.Com
ARDC: 01783998

NOTICE

PURSUANT TO ICR 2-2.28
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE
IN COURTROOM C304
2-7-18 AT 9:00 A.M./P.M.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

(If service by facsimile transmission will be accepted, the telephone number of the plaintiff or plaintiff's attorney's facsimile machine is additionally required.)

Date of Service _____, 20 ____ (to be inserted by officer on copy left with defendant or other person).

171-138 Rev 12/16

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

Nicole Howlett )
 )
vs. ) General No. 17 L 872
 )
Pearson Trucking, Inc. and Robert Fenske )

**CERTIFICATE OF ATTORNEY – CIVIL DIVISION**

1) Pursuant to Local Rule 3.01(c), I hereby certify that:

[X] There has been no previous Voluntary or Involuntary Dismissal of the subject matter of this litigation.

[ ] There has been a previous Voluntary or Involuntary Dismissal of the subject matter of this litigation and at the time of dismissal that Case No. _____ was assigned to the

Honorable _____

[X] There is no other litigation presently pending in the county involving these parties.

[ ] There is other litigation presently pending in the county involving the parties to or subject matter to this lawsuit and that case(s) is/are assigned Case No.(s) _____ which is/are assigned to the

Honorable _____

2) Are you seeking any injunctive relief?

[ ] Yes - Select the appropriate case subtype under the Chancery-CH heading below.
[X] No - Select the appropriate non-Chancery case subtype below.

This data is being gathered for administrative purposes and will not be used for any other purpose.

**Arbitration – AR**
[ ] Arbitration/Tort
[ ] Arbitration/Contract
[ ] Foreign Judgment
[ ] Other subtype _____

**Chancery – CH**
[ ] Residential Mortgage Foreclosure
[ ] Residential Mortgage Foreclosure w/Mechanics Lien
[ ] Non-Residential Mortgage Foreclosure
[ ] Injunction
[ ] Specific Performance
[ ] Mechanics Lien Foreclosure
[ ] Complaint for Rescission
[ ] Partition
[ ] Quiet Title
[ ] Class Action
[ ] Structured Settlement
[ ] Foreign Judgment
[ ] Other subtype _____

**Eminent Domain – ED**
[ ] Eminent Domain
[ ] Condemnation
[ ] Other subtype _____

**Law Magistrate – LM**
[ ] Forcible Entry and Detainer
[ ] Replevin
[ ] Detinue
[ ] Distress for Rent
[ ] Foreign Judgment
[ ] Confirm Arbitrator's Award
[ ] Confession of Judgment
[ ] Other subtype _____

**Law – L**
[X] Tort
[ ] Contract
[ ] Product Liability
[ ] Medical Malpractice
[ ] Legal Malpractice
[ ] Forcible Entry and Detainer
[ ] Replevin
[ ] Accounting Malpractice
[ ] Foreign Judgment
[ ] Confirm Arbitrator's Award
[ ] Other subtype _____

**Municipal Corporation – MC**
[ ] Annexation
[ ] Disconnection
[ ] Other subtype _____

**Miscellaneous Remedy – MR**
[ ] Declaratory Judgment
[ ] Corporation Dissolution
[ ] Election Contest
[ ] Mandamus
[ ] Habeas Corpus
[ ] Review of Administrative Proceeding/Statutory
[ ] Review of Administrative Proceeding/Certiorari
[ ] Quo Warranto
[ ] Change of Name
[ ] Forfeiture
[ ] Fugitive from Justice
[ ] Search Warrant
[ ] Application for Eavesdropping Device
[ ] Foreign Judgment
[ ] Non-Attendance of Jurors
[ ] Miscellaneous
[ ] Other subtype _____

**Tax – TD**
[ ] Deeds
[ ] Other subtype _____

**Probate – P**
[ ] Decedent/Testate > $15,000
[ ] Decedent/Intestate > $15,000
[ ] Decedent/Testate $15,000 or less
[ ] Decedent/Intestate $15,000 or less
[ ] Guardianship of Person/Disabled Person
[ ] Guardianship of Estate/Disabled Person
[ ] Guardianship of a Person and Estate/Disabled Person
[ ] Guardianship of Person/Minor
[ ] Guardianship of Estate/Minor
[ ] Guardianship of Person and Estate/Minor
[ ] Proof of Heirship Alone
[ ] Foreign Judgment
[ ] Other subtype _____

**Tax – TX**
[ ] Objections
[ ] Disposition of Collections of Judgment of Settlement
[ ] Sale in Error
[ ] Other subtype _____

Print Name  Bogdan Martinovich
Signature  _____

[X] Attorney   [ ] Self-Represented Litigant

171-366 (Rev 8/17)

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) SS | |
| COUNTY OF LAKE | ) | |

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

FILED NOV 0 2 2017

NICOLE HOWLETT, )
)
Plaintiff, )
) 17 L 872
Vs. )
) Gen. No. _____
PEARSON TRUCKING, INC. a Minnesota )
corporation, and ROBERT FENSKE, )
)
)
Defendants. )

### AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222 (B)

Pursuant to Supreme Court Rule 222 (B), counsel for the above-named plaintiff certifies that plaintiff seek money damages in excess of Fifty Thousand and 00/100ths Dollars ($50,000).

By _____
Attorneys for Plaintiff
Bogdan Martinovich

Bogdan Martinovich
RAY & GLICK LLC
P.O. Box 400
Libertyville, IL 60048
(847)996-1350
E-Mail Address: Bogle@MartinovichLaw.Com
Attorney Registration Number: 01783998

171-312 rev 2/02